ALBANY,<br>Feb. 1810.

METCALF<br>v.<br>CLARK and<br>WATKINS.

Rule granted.

---

## METCALF *against* CLARK and WATKINS.

CADY, for the defendant, moved to change the *venue* in this cause, from the city and county of *Albany*, to the county of *Ontario*. He read the affidavit of one of the defendants, stating that they had a good and substantial defence on the merits, and that all their witnesses resided in the county of *Ontario*.

On a motion to<br>change the *ve-<br>nue* in a cause,<br>the defendant<br>in his affidavit,<br>in stating that<br>he has a good<br>defence on the<br>merits, need not<br>say, as he is ad-<br>vised by coun-<br>sel.

*H. Bleecker*, contra, objected, that the affidavit did not state that the defendants had a defence on the merits, *as they were advised by counsel*, nor the number of their witnesses residing in *Ontario*.

*Per Curiam.* This application is different from a motion to set aside a judgment by default. The court exercise an equitable jurisdiction, in changing the *venue* in a cause. The rule as to the affidavit of merits in other cases, does not apply to the present motion. The plaintiff does not state that he has any witnesses residing in the county of *Albany*, to induce the court to retain the *venue*. The defendant, therefore, must take his rule.

Rule granted.